1  Phillip J. Eskenazi (State Bar No. 158976)
   peskenazi@hunton.com
2  Alexandrea H. Young (State Bar No. 233950)
   ayoung@hunton.com
3  **HUNTON & WILLIAMS LLP**
   550 South Hope Street, Suite 2000
4  Los Angeles, California 90071-2627
   Telephone: (213) 532-2000
5  Facsimile: (213) 532-2020

6  Attorneys for Defendant
   MAYER HOFFMAN MCCANN P.C.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CITY OF OXNARD, a municipal corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>MAYER HOFFMAN MCCANN P.C., a Missouri corporation; and DOES 1 through 100,<br><br>            Defendants. | CASE NO.: 2:17-cv-7240<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b)**<br><br>Complaint Filed: September 15, 2017 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION:**

**PLEASE TAKE NOTICE** that Defendant Mayer Hoffman McCann P.C. ("MHM") hereby removes the state court action described below to this Court. In support thereof, MHM states as follows:

1. The state court action is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

2. On September 15, 2017, City of Oxnard ("Plaintiff") filed a complaint commencing this action against MHM in the Superior Court for the State of California, County of Ventura, as Case No. 56-2017-00501459-CU-PN-VTA (the "Action"). On September 25, 2017, Plaintiff filed an Amended Complaint. MHM now removes this Action to this Court. Upon information and belief, there have been no other proceedings in the Action. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders in this action are attached to the Declaration of Alexandrea H. Young in Support of this Notice of Removal ("Young Decl."). *See* Young Decl. ¶¶ 3, Exhibit A.

3. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." MHM was not served with a copy of the Summons and Complaint but learned of this Action at the time it was filed on September 15, 2017 and obtained a copy of the complaint within a couple days thereafter. Young Decl. ¶ 3. Thus, MHM's Notice of Removal is timely.

4. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court for the State of California, County of Ventura.

5.  Venue lies in the United States District Court for the Central District of California because the Action was filed by Plaintiff and is now pending in this judicial district. *See* 28 U.S.C. § 1446(a).

6.  The Action is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by MHM pursuant to 28 U.S.C. § 1441(b), because the requisite diversity of citizenship exists among the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a) & (c)(1).

## I.  THE DIVERSITY OF CITIZENSHIP REQUIREMENT IS SATISFIED

### A.  Plaintiff Is A California Citizen.

7.  Plaintiff alleges that it is a municipal corporation located in Ventura County, California. Am. Compl. at caption, ¶ 2. Municipal corporations in California are California citizens for jurisdictional purposes. *See, e.g., Mt. Shasta Title & Escrow Co. v. Pennbrook Homes*, 2008 WL 191292, at *1 (E.D. Cal. Jan. 22, 2008); *Hensley v. United States DEA*, 2007 WL 4225565, at *5 (S.D. Cal. Nov. 28, 2007). Accordingly, Plaintiff is a California citizen for jurisdictional purposes.

### B.  MHM Is Not A California Citizen.

8.  MHM is a Missouri professional corporation with its principal place of business in Kansas City, Missouri.[1] *See* Declaration of William Mann in Support of Notice of Removal ("Mann Decl.") ¶ 2. A professional corporation is like other corporations for purposes of determining diversity jurisdiction, therefore, it is a citizen of the state in which it is incorporated and the state where its principal place of business is located. *See, e.g., Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182-83 (9th Cir.

---

[1] Prior to May 1, 2015, MHM's principal place of business was in Leawood, Kansas. Mann Decl. ¶ 3. At all relevant times, MHM has not been a citizen of the State of California.

2004); *Sharp v. DePuy Orthopaedics, Inc.*, 2012 WL 2891182, at *1 (C.D. Cal. July 13, 2012).

9. The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192-93 (2010). MHM's corporate headquarters where its high level officers direct, control, and coordinate the corporation's activities are located in Missouri. Mann Decl. ¶ 2. Accordingly, for removal purposes, MHM is not, and has not been at all relevant times, a citizen of California. The requisite diversity of citizenship therefore exists between Plaintiff and MHM. *See* 28 U.S.C. § 1332(c)(1).

## II.  THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

10. Plaintiff brings two causes of action against MHM for (i) professional negligence, and (ii) breach of contract. Am. Compl. ¶¶ 24-32. Where the plaintiff's complaint does not specify a particular amount of damages, the removing defendant may prove that the amount-in-controversy exceeds the jurisdictional requirement by demonstrating that it is facially apparent that the claimed damages are likely above $75,000. *Bassel v. 4Access Comm. Co.*, 2008 WL 2157005, at *2 (S.D. Cal. May 21, 2008). While Plaintiff's Amended Complaint does not seek a particular amount of damages, Plaintiff alleges MHM caused Plaintiff to incur damages in excess of $1 million (Am. Compl. ¶ 30), plus attorneys' fees, costs of suit, interest, and other forms of relief. Am. Compl. Prayer. Accordingly, it is facially apparent that the jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper.

///
///

1    **WHEREFORE**, MHM respectfully removes this Action to this Court pursuant to 28 U.S.C. § 1441(b).

Dated: October 2, 2017        **HUNTON & WILLIAMS LLP**
Phillip J. Eskenazi
Alexandrea H. Young


By:    /s/  Phillip J. Eskenazi
          Phillip J. Eskenazi
         Attorneys for Defendant
    MAYER HOFFMAN MCCANN P.C.